**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 18a0389n.06

Case No. 17-6521

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Aug 03, 2018<br>DEBORAH S. HUNT, Clerk |
|  | ) |  |
| Plaintiff-Appellee, | ) |  |
|  | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
|  | ) | THE MIDDLE DISTRICT OF |
| MIGUEL ROBINSON, | ) | TENNESSEE |
|  | ) |  |
| Defendant-Appellant. | ) |  |
|  | ) |  |
|  | ) |  |

---

BEFORE: SILER, MOORE, and GRIFFIN, Circuit Judges.

**SILER**, Circuit Judge. Miguel Robinson appeals his conviction for (1) possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841; (2) possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924; (3) possession of ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924; and (4) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). He challenges the district court's denial of his motion to suppress evidence recovered at his home pursuant to a search warrant that allegedly lacked probable cause. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2015, the Nashville Police Department executed a search warrant on Robinson's home. The warrant was issued after Detective Harrison Nearn worked with a confidential informant to

conduct three controlled buys of crack cocaine from Robinson. On two occasions, Robinson sold one gram of cocaine, and one time he sold four-tenths of one gram of cocaine. Each time, the confidential informant paid either forty or fifty dollars. All three transactions were prearranged and occurred in a parking lot near Robinson's place of employment. In each instance, police surveilled Robinson as he sold the cocaine to the confidential informant. After the third transaction, police observed Robinson return to his home.

Less than three days after the third transaction, police applied for a warrant to search Robinson's home. The warrant application and affidavit stated that after the second transaction, the police observed Robinson travel to and enter his residence, but these details were absent from the underlying police report. Furthermore, although the police report described the specific dollar amount paid for the cocaine during each transaction, the warrant application instead simply described both of the amounts as a "felony amount." Likewise, the police report specified the exact weight, in grams, of the cocaine sold by Robinson, whereas the warrant application simply stated the weight as a "felony amount" or a "quantity" of cocaine.

Upon execution of the search warrant, police seized 64 grams of cocaine, nearly two thousand dollars, two firearms, and two vehicles from Robinson's home. Detective Nearn then interviewed Robinson, who admitted ownership of the home, the cocaine, and both firearms. Robinson was indicted for: (1) possession with intent to distribute cocaine; (2) possession of firearms by a convicted felon; (3) possession of ammunition by a convicted felon; and (4) possession of firearms in furtherance of drug trafficking crimes.

The district court denied Robinson's motion to suppress the evidence seized from the home. The court held that, although a sufficient nexus did not exist between Robinson's alleged

drug dealing and his residence, the good-faith exception applied and prevented suppression of the evidence.

Robinson pled guilty to each of the four charges but retained the right to appeal the court's denial of his pretrial motion to suppress. The district court sentenced Robinson to a total of 204 months' imprisonment.

## STANDARD OF REVIEW

Regarding motions to suppress evidence, we "review[] the district court's factual findings for clear error and its legal conclusions de novo. [We] may affirm on any ground supported by the record and may consider . . . evidence considered at the suppression hearing." *United States v. Binford*, 818 F.3d 261, 267 (6th Cir. 2016). "When a district court has denied a motion to suppress, this Court reviews the evidence in the light most likely to support the district court's decision." *United States v. Adams*, 583 F.3d 457, 463 (6th Cir. 2009) (internal quotation marks omitted). Furthermore, we review de novo the decision of whether to apply the good-faith exception. *United States v. Leake*, 998 F.2d 1359, 1366 (6th Cir. 1993).

## DISCUSSION

Robinson presents a two-part argument as to why the district court should have suppressed evidence collected from his residence. First, he claims that the search was unconstitutional. Second, he claims that the good-faith exception to the exclusionary rule does not apply.

### A. Constitutionality of the Search

Robinson first urges this panel to affirm the district court's finding that the search of his home was unconstitutional. However, if we find that the good-faith exception applies, we need not address the constitutionality of the search. *See United States v. Washington*, 380 F.3d 236, 240 (6th Cir. 2004) ("Under the facts of this case, the existence of probable cause is an extremely

close call. However, given our conclusion that the good-faith exception clearly applies, we will assume without deciding that probable cause did not exist."). Therefore, we directly proceed to analysis of the good-faith exception.

### B. Application of the Good-Faith Exception

Robinson next asks this panel to reverse the district court's finding that the good-faith exception applied to the unreasonable search, preventing suppression of the evidence. Typically, "the marginal or nonexistent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion." *United States v. Leon*, 468 U.S. 897, 922 (1984). "Searches pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *Id.* (internal quotation marks and citations omitted). As Robinson notes, however, some circumstances exist in which the good-faith exception does not apply:

> 1) the supporting affidavit contained knowing or reckless falsity; 2) the issuing magistrate failed to act in a neutral and detached fashion and served merely as a rubber stamp for the police; 3) the supporting affidavit did not provide the magistrate with a substantial basis for determining the existence of probable cause; or 4) the officer's reliance on the warrant was neither in good faith nor objectively reasonable.

*United States v. Hammond*, 351 F.3d 765, 773-74 (6th Cir. 2003). Robinson contends that two of these scenarios preclude application of the good-faith exception in this case.

### 1. Vagueness Exception

First, Robinson argues that the affidavit was "bare bones," in that it failed to provide "a minimally sufficient nexus" between his drug activity and his residence. *See United States v. Carpenter*, 360 F.3d 591, 596 (6th Cir. 2004).

The good-faith exception only applies when "the affidavit contained a minimally sufficient nexus between the illegal activity and the place to be searched to support an officer's good-faith belief in the warrant's validity, even if the information provided was not enough to establish probable cause." *See id.* (holding that the good-faith standard was met where the affidavit described an aerial search showing marijuana plants on a road connected to the home). Thus, suppression is not warranted unless the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon*, 468 U.S. at 923.

Robinson asserts that the warrant affidavit did not contain a "minimally sufficient nexus" because it "showed only that Robinson had made very small sales to one person three times in five months, and he made those sales in a parking lot near [his place of employment]." We reject this argument and affirm the district court's conclusion that a sufficient nexus existed between Robinson's drug sales and his home.

The police witnessed Robinson sell drugs, return to his home, and enter it less than 72 hours before the execution of the search warrant. These observations provided a sufficient nexus between Robinson's drug trafficking and his home by suggesting that evidence of the sale—such as buy money—might be found in the home. As we said in *United States v. White*, "[w]e have long accepted the reasonable inference that drug contraband is likely to be found inside drug traffickers' homes, especially when there is evidence of drug activity near or around the home. . . . [S]o long as [a warrant affidavit's] factual content is not so vague as to be conclusory or meaningless, that inference is sufficient to permit reasonable reliance on the warrant." 874 F.3d 490, 500 (6th Cir. 2017) (citations and quotations omitted). Here, although the drug activity took place away from Robinson's home, the affidavit provided concrete, specific factual content connecting the home to the activity.

We must also mention our recent opinion in *United States v. Christian*, 893 F.3d 846 (6th Cir. 2018). In *Christian*, a panel of our court declined to apply the good-faith exception to a warrant affidavit similar to the affidavit here. The *Christian* affidavit said that the defendant had a prior, stale pattern of committing drug crimes; that an informant had told police the defendant was selling drugs; and that police had stopped and searched a different person leaving the defendant's home and had found drugs. *Id*. at 851–52. We emphasized that a warrant affidavit must supply a nexus between a suspect's drug activity and home *at the time of the search*. *Id*. at 866, 867, 867. This focus distinguishes Robinson's case from Christian's; whereas the connection between Christian's drug activity and home was months old, the same connection for Robinson was less than three days old.

## 2. Dishonesty Exception

Robinson also argues that the good-faith exception should not apply because Detective Nearn included knowing or reckless falsities in his application for a warrant. Specifically, Robinson alleges that the affidavit improperly: (1) characterized the cocaine weight as a "felony amount" rather than by its specific weight in grams, and (2) contained a misleading description of officers following Robinson to his residence after the second drug sale, which was missing from the police report.

Robinson cites no precedent from this circuit to support his assertion that the affidavit contained a knowing or reckless falsity. Instead, he relies solely on *United States v. Boyce*, 601 F. Supp. 947 (D. Minn. 1985), which is factually distinguishable. In *Boyce*, the affiant described the strong reliability and experience of an informant, when in reality the two hardly knew each other and had only encountered each other once. *See id.* at 952.

Here, Robinson has not demonstrated that the affidavit contained a knowing or reckless falsity based on Detective Nearn's characterization of the amount of cocaine as a "felony amount" in the warrant affidavit. Although Detective Nearn's language regarding the weight and value of the cocaine varied from the police report, the description was nonetheless true. Both parties agree that it is a felony to possess any amount of cocaine in Tennessee. Robinson has cited no precedent where true statements are considered a "knowing or reckless falsity." Moreover, Robinson has not proven that the affidavit's allegedly false information regarding officers following Robinson home after the second drug transaction was knowing or reckless.

In sum, the district court did not err in denying Robinson's motion to suppress, and we affirm the district court's application of the good-faith exception to the exclusionary rule.

## C. *Franks* **Hearing**

Finally, Robinson argues, in the alternative, that the district court erred by refusing to grant his request for a *Franks* hearing. (Appellant's Br. at 34-37). *See Franks v. Delaware*, 438 U.S. 154 (1978); *see also United States v. Graham*, 275 F.3d 490, 505 (6th Cir. 2001). In order to justify a *Franks* hearing, a defendant must "make[] a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [] the allegedly false statement [wa]s necessary to the finding of probable cause." *Franks*, 438 U.S. at 155–56.

Here, Robinson has not made a "substantial preliminary showing" of a knowing or reckless falsehood. The warrant application's description of a "felony amount" of cocaine was accurate. Furthermore, Robinson has not provided evidence to discredit Detective Nearn's statement that police followed Robinson to his residence after the second controlled buy. The potential discrepancy between the warrant affidavit and the police report does not, on its own, demonstrate

an overt false statement, let alone a purposeful false statement. We find that the district court did not err in refusing to grant Robinson a *Franks* hearing.

**AFFIRMED**.

**KAREN NELSON MOORE, Circuit Judge, dissenting.** We have held that "an affidavit d[oes] not meet the *Leon* standard where the facts it contain[s] [are] so inconclusive that they d[o] not 'draw some plausible connection' between alleged drug activity and the residence to be searched." *United States v. Christian*, 893 F.3d 846, 866 (6th Cir. 2018) (citing *United States v. Brown*, 828 F.3d 375, 385–86 (6th Cir. 2016)). "In contrast, [we] ha[ve] held an affidavit . . . sufficient to satisfy the *Leon* good-faith standard where the affidavit provided *some* link between the criminal activity alleged and the residence to be searched *at the time* of the search. *Id.* at 867 (first citing *United States v. White*, 874 F.3d 490, 494, 498 (6th Cir. 2017); then citing *United States v. Higgins*, 557 F.3d 381, 391 (6th Cir. 2009); then citing *United States v. Frazier*, 423 F.3d 526, 536 (6th Cir. 2005); and then citing *United States v. Carpenter*, 360 F.3d 591, 593 (6th Cir. 2004) (en banc)). For instance, we have concluded that a defendant's status as a drug dealer, an agent's statement that dealers tend to keep evidence in their homes, and a drug dog's positive alert when searching a car in the defendant's driveway did not establish a nexus between the defendant's home and the crime. *See Brown*, 828 F.3d at 378, 382, 383, 384, 386. Therefore, the similar facts in this action fail to create a minimally sufficient nexus to satisfy the *Leon* good-faith standard.

For this reason, I respectfully dissent.